Nichols v. Disner.

---

## NICHOLS *vs.* DISNER.

The title of a purchaser of land at sheriff's sale cannot be impeached by parol evidence that the judgment was satisfied before the sale.

---

Case certified from Passaic Circuit.

Argued before the Chief Justice, and Justices OGDEN, VREDENBURGH, and BROWN.

*Carey* and *Bradley*, for plaintiff.

*Hopper* and *Zabriskie*, for defendant.

The opinion of the court was delivered by

The CHIEF JUSTICE. This was an action of ejectment to recover possession of certain lands in the county of Passaic, formerly the property of the plaintiff, and sold by auditors in attachment upon a judgment in that proceeding against him. After the rule for selling the lands was granted, and before the sale, the plaintiff in this suit, being the defendant in the attachment, paid to the plaintiff therein the debt and costs. This is the allegation on which the suit is founded.

The attorney of the attaching creditor directed the auditors to sell the lands. They did so, and conveyed them to the attorney, who was ignorant of the settlement.

By divers mesne conveyances, the lands came to the defendants in this suit.

At the trial the judge directed a verdict for the plaintiff, because the judgment was satisfied, and therefore void, holding that a sale on a satisfied judgment passed no title.

The plaintiff attacked the judgment collaterally, and attempted to prove satisfaction by parol evidence. This could not be done. At the common law it was not competent for the defendant to prove by parol that a judgment was paid, when it came in question collaterally, because such payment was matter *in pais*, and not of record or by deed. A judgment of record was considered of too high dignity to be impeached by such evidence. The relief of the party was by *audita querela*, now fallen into disuse, for which we have substituted relief on motion and rule. *Fits, N. B.* 102, *H.; Com. Dig., Audit. Quer. A. B.*

Such was the stringency of this rule that even in debt. or *scire facias* upon the judgment a plea of payment could not be pleaded, although the proceeding was between the original parties to the judgment. 1 *Chit. Pl.* 521, and cases there cited.

This rule of the common law has been partially abrogated by statute in England and in this state.

By *Statute* 4 *Anne, c.* 16, § 12, it was enacted that, in debt or *scire facias* upon a judgment, the debtor might plead payment, and by our statute respecting obligations, and to enable mutual dealers to discount, (*Nix. Dig.* 568, § 8,) it was enacted that, in any action of debt on single bill or action of debt or *scire facias* on judgment, if the defendant hath paid the money due on such bill or judgment, such payment may be pleaded in bar.

It will be perceived that this statute alters the common law only in actions brought upon it by the parties or privies to the judgment: in all other cases it remains, consequently it is not admissible for the defendant, where the judgment comes in question collaterally, to prove payment by parol. *Nihil tam conveniens est naturali æquitati, ut unumquodque dissolvi eo ligamine quo ligatum est.* See *Blake's case,* 6 *Rep.* 43.

We have carefully examined all the cases cited by the plaintiff's counsel, decided in New York and elsewhere, in which are to be found the *dicta* of the judges, sometimes asserting the doctrine that a paid judgment is no support to the title of a *bona fide* purchaser derived from a sale under it, and at other times the reverse.

None of them, except *Craft* v. *Merrill*, 4 *Kern.* 456, decide the point, nor was a decision of it necessary to the determination of the cases. And, in Craft *v.* Merrill, no reason is given for the decision—no principle is stated on which it can rest.

The cases referred to of sales by tax collectors for non-payment of taxes cannot rule this. In them there is no judgment, only an assessment, not in form or effect a judgment.

We were referred to a *dictum* of the Chancellor in *Simmons* v. *Vandegrift, Sax. Ch. Rep.* 55, declaring that a sale by a sheriff on a satisfied judgment conveyed no title. The decision was, that the evidence did not make out the fact of payment, and the case was disposed of on other

grounds.   The remark was evidently made without intending to rule definitely on the point.

This case is a strong instance of the danger of permitting titles to real estate to be questioned by such evidence, long after the occurrence of the transactions on which the rights of the parties are disposed of.   Nineteen years have elapsed since the lands were sold and the possession changed, and at the trial the only proof of payment was the evidence of the plaintiff in the case.

We think the rule in regard to the sanctity of judgments, upon which we have disposed of this case, is strongly grounded upon reason as well as policy, and eminently salutary, as far as it stands unmodified by statute.   No good reason can be perceived why it might not be relaxed in actions between the parties; but its abrogation in cases like that before the court would render title founded on sheriff's sales alarmingly insecure.

If the purchaser, in addition to the risks of the regularity of the proceedings of the officer, which, by the course of decision in this state he must now take, is liable to have his title divested at any time short of the period of limitations by proof of the secret satisfaction of the judgment, the bidders at sheriffs' sales would be fewer than they now are, and a defendant's property subject to still greater sacrifice.

Let the verdict be set aside and a new trial granted.

AFFIRMED, *under name of Nichols v. Dissler*, 2 *Vr.* 461.